# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                     **Case No. 06-CR-305**

**JORGE ARELLANO-RIOS**
    **Defendant.**

## SENTENCING MEMORANDUM

Defendant Jorge Arellano-Rios pleaded guilty to unlawful re-entry after deportation, 8 U.S.C. § 1326(a) & (b)(2), and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set defendant's offense level at 21 (base level 8, U.S.S.G. § 2L1.2(a), plus 16 because his deportation followed his conviction of a crime of violence, § 2L1.2(b)(1)(A), minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at VI, producing an imprisonment range of 77-96 months under the advisory sentencing guidelines. Neither side objected to the PSR, but defendant requested a non-guideline sentence of 65 months, while the government advocated a term at the low end of the range. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a sentence of 70 months.

### I. SENTENCING FACTORS

In imposing sentence, I consider:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Upon consideration of these factors, the statute directs me to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant.

## II. DISCUSSION

Defendant, a Mexican citizen, was deported from the United States in April 1999 following his convictions of attempted murder and cocaine delivery. He returned without permission in or about July 2002 and was later found in the Kenosha County jail after being arrested in a domestic violence ("DV") incident. The PSR also contained evidence that he tried to return to the United States in November 2001 using phony documents but was turned away. In looking at his criminal record, it also appeared that there must have been another re-entry in between 1999 and 2001, because he was charged with a retail theft in Racine County, Wisconsin based on an April 23, 2000 incident, and convicted of that offense in February 2001.

2

Defendant stated that he returned to the United States be near his family, who reside in northern Illinois and southeast Wisconsin, but the probation officer was unfortunately unable to contact any of his relatives. He further stated that he wanted to escape the poverty in Mexico. However, defendant compiled a fairly serious record since his latest re-entry, with multiple convictions for DV-battery and related offenses, and he did not have much verifiable employment history in this country.[1]

Thirty-nine years old at the time of sentencing, defendant first came to the United States with his family at the age of two, returned to Mexico briefly in 1985, then applied for and received a green card. However, in 1988 he was convicted of attempted murder and sent to prison for eight years in Illinois. It was not entirely clear from the PSR what happened in that case, but it appeared that he shot another man with whom he had been in a fight. In 1998, he was convicted of cocaine delivery and sentenced to two years' imprisonment. After he finished that sentence, the government deported him to Mexico. But, as noted, he came back within a few years and picked up several new offenses, mostly of the DV-battery variety. Defendant placed in criminal history category VI based on offense-related points, see U.S.C. § 4A1.1(a), (b) & (c), even without the 3 extra points he received under U.S.S.G. § 4A1.1(d) & (e) for committing the instant offense while on probation and within two years of release from prison.

Defendant married in 2003 but divorced in 2005, and had two children, aged nineteen and fourteen, who lived with his ex-wife in Texas. He was in a relationship with another woman, with whom he had a one year old child, prior to his arrest, but she had taken out a restraining order based on his abuse. Substance abuse seemed to be a significant problem

---

[1] I assumed, given his status, that it was probable defendant worked for cash, as he claimed.

3

for defendant, along with an inability to control his temper. To his credit, he acknowledged that he needed help in both of those areas and took classes at the jail where he was detained pre-trial.

As a citizen of Mexico with no legal status in this country, defendant would almost certainly be deported when he completed his sentence. He had lived in the United States most of his life, and it did not appear that he had anyone in Mexico and that his grasp of Spanish was not all that strong. I did not doubt that the deportation would prove a hardship, and that he had to a great extent been assimilated to this country.

Nevertheless, given his record, I had to consider defendant a risk to the public, and the instant offense was serious given the bases for his deportation. I also had to impose a substantial term to deter defendant from returning again. His treatment needs, discussed above, would under the circumstances have to be addressed via BOP programming.

The guidelines called for a term of 77-96 months, but there were some mitigating circumstances warranting a slightly lower sentence. As I have noted in other illegal re-entry cases, the defendant's motive for coming back is a relevant factor under § 3553(a). See, e.g., United States v. Salazar-Hernandez, 431 F. Supp. 2d 931, 935 (E.D. Wis. 2006). In the present case, although the extent of defendant's relationship with his family was less than completely clear, it did appear that he returned to this area to be near them. He had no family in Mexico any longer. And, although he certainly had brushes with the law, he had not committed any new felonies since his return. I also considered his work teaching kids involved with gangs to box, as discussed in ¶ 65 of the PSR, which showed some concern for others. Finally, there appeared to be some mitigating circumstances in the 1988 attempted murder case, which arose out of a confrontation. Because the guidelines in § 1326(b) cases depend

4

so heavily on the nature of the convictions preceding deportation, it is proper to consider whether the 16 level enhancement produces a sentence greater than necessary under § 3553(a). See United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 962-63 (E.D. Wis. 2005). Because defendant's priors were certainly serious, and there were two such cases that would warrant the enhancement, I did not give this factor much weight in the present case.

Under all of the circumstances, I found a sentence of 70 months sufficient but not greater than necessary. This sentence varied just 1 level from the range and was based on the particular facts of the case, so it did not create unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 70 months. I recommended that he participate in any substance abuse and anger management classes available. Upon release, I ordered him to serve a two year supervision term, with all of the standard conditions.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge